# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7433 | **DATE** | 9/30/2004 |
| **CASE TITLE** | Lionel P. Trepanier vs. City of Blue Island, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss Portions of Plaintiff's Complaint. [Doc. No. 9]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]For the reasons set forth in the attached memorandum opinion and order,Defendants' motion to dismiss [Doc. No. 9] is GRANTED in part and DENIED in part. The motion to dismiss is GRANTED as to all claims against Chief of Police Douglas Hoglund, Frank Podbielniak, and David Anderson in their official capacities, the Blue Island Police Department, and Count IV of Plaintiff's complaint as to all Defendants. However, Count IV is dismissed without prejudice. The Court denies the City of Blue Island's motion to dismiss all claims against it. Plaintiffs' claim for punitive damages against the City of Blue Island is stricken.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | SEP 3 0 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| X | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| slf(lc) | courtroom deputy's initials | | date mailed notice | | |
| | | | | mailing deputy initials | |

2004 SEP 30 PM 3: 16

U.S. DISTRICT COURT

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

SEP 3 0 2004

LIONEL P. TREPANIER, personally and
also for his daughter, G.T.,

        Plaintiff,

        v.

CITY OF BLUE ISLAND, BLUE ISLAND
POLICE DEPARTMENT, CHIEF OF
POLICE, officially, FRANK
PODBIELNIAK, Blue Island Police
Department, STAR 231, personally and
officially, DAVID ANDERSON, Blue Island
Police Department, Star 151, personally and
officially, JOHN DOE, BLUE ISLAND
POLICE DEPARTMENT, watch
commander, personally and officially,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 03 C 7433

HONORABLE DAVID H. COAR

## MEMORANDUM OPINION AND ORDER

Before this Court is the City of Blue Island, Chief of Police Douglas Hoglund, Frank Podbielniak

and David Anderson's (collectively, "Defendants") motions to dismiss portions of Plaintiff

Lionel P. Trepanier's ("Plaintiff" or "Trepanier") complaint. Specifically, Defendants move to

dismiss Counts I, II and III against the City of Blue Island, the City of Blue Island Police

Department, Douglas Houglund, in his official capacity, Frank Podbielniak, in his official

capacity and David Anderson, in his official capacity. In addition, the Defendants have filed a

motion to dismiss Count IV in its entirety against all defendants. For the reasons set forth below,

-1-



Defendants' motion to dismiss is GRANTED in part and DENIED in part. The motion to dismiss is GRANTED as to all claims against Chief of Police Douglas Hoglund, Frank Podbielniak, and David Anderson in their official capacities, the Blue Island Police Department, and Count IV of Plaintiff's complaint as to all Defendant. However, Count IV is dismissed without prejudice. The Court denies the City of Blue Island's motion to dismiss all claims against it. In addition, Plaintiff claim for punitive damages against the City of Blue Island is stricken.


## I. Legal Standard for a Motion to Dismiss

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Additionally, Trepanier has filed his complaint *pro se,* and when construing a *pro se* complaint, the court must construe the complaint more liberally than a complaint prepared by an attorney. Whitford v. Boglino, 63 F.3d 527, 535 (7th Cir. 1995). However, the complaint must still allege facts that provide an adequate basis for each claim. Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1989).

## II. Factual Background

On October 21, 2002, at about 5:30 in the evening, Trepanier was pulling his daughter, G.T., age 2, in a wagon on a sidewalk in Blue Island (Compl., ¶ 12). Trepanier was sleeping while her father was pulling the wagon. Id. Officer Anderson stopped and detained Trepanier and demanded to inspect the wagon. (Compl., ¶ 13). Officer Anderson observed that the child was covered in blankets. (Compl., ¶ 14). Trepanier identified himself and his daughter, and asked Officer Anderson to allow him to proceed along the sidewalk. (Compl., ¶ 15). Officer Anderson refused to allow Trepanier to leave, and made a call on his radio. (Compl., ¶¶ 16-17). Subsequently, Defendant Podbielniak arrived on the scene, and Podbielniak demanded that Trepanier wake his daughter, and threatened that if Plaintiff did not awaken his daughter, Podbielniak would wake the child himself. (Compl., ¶ 19). Under protest, Trepanier woke his daughter, and introduced her to the two officers, and G.T. responded normally. (Compl., ¶¶ 20-21). Podbielniak demanded that Trepanier remove the blankets from his daughter, but the Plaintiff refused to do so. (Compl., ¶¶ 22-23). Podbielniak removed the blankets covering G.T., thereby causing complete exposure of the child to the elements, in full public view. (Compl., ¶ 24). The officers then viewed G.T. without a diaper or shirt and declared, "This is not normal; this is not normal." (Compl., ¶ 25). Then Anderson and Podbielniak handcuffed Trepanier, in front of his daughter. (Compl., ¶ 26). Trepanier contends that both he and his daughter were emotionally devastated by the forced removal of G.T. from her father, and Trepanier states that the Defendant officers neither tested for nor observed any sign of neglect nor mistreatment of G.T. (Compl., ¶¶ 27-28).

Consequently, Officer Anderson informed Trepanier that he was being held for investigation and would be transported to the police station for questioning. (Compl., ¶ 29). At the station, Anderson and Podbielniak asked "John Doe," the Watch Commander, if Trepanier should be charged (Compl., ¶ 30). John Doe then entered the room where Trepanier was being held, observed Trepanier, and told the officers to "charge him", and stated to Plaintiff, "I know you." (Compl., ¶ 31). In addition, John Doe stated to Trepanier, "you can march around with signs all you want, but those with guns make the rules." (Compl., ¶ 32). Trepanier was charged with Contributing to the Neglect of a Child, a state law offense. (Compl., ¶ 33). Further, John Doe made the decision to charge Trepanier based upon the fact that Trepanier had earlier filed and favorably settled a civil rights suit against the Blue Island Police for interference with his First Amendment Rights, and Trepanier also made a civil rights complaint to John Doe's supervisor concerning John Doe's illegal and unprofessional conduct. (Compl., ¶ 34). In addition, Trepanier filed a suit against the Blue Island Police Department because the Police Department arrested Trepanier in the city park upon a charge of "Showing a Sign of Protest Without Permission." (Compl., ¶ 35). Finally, John Doe attempted to illegally force his way into Trepanier's home, and Trepanier promptly objected, and reported John Doe to Doe's supervisor. (Compl. ¶ 37).

## III. Analysis of Plaintiff's Claims

In his four-count complaint, Trepanier alleges violations of:\ his Fourth Amendment rights, his First Amendment rights (Count II), G.T's Fourth Amendment rights (Count III), and additionally, states a claim for malicious prosecution (Count IV). Defendants allege that portions

of Trepanier's complaint should be dismissed for several reasons. First, Defendants contend that Plaintiff has failed to allege a municipal policy, custom or practice that caused the claimed constitutional violations, and Plaintiff fails to state a claim upon which relief can be granted. Second, Defendants contends that Plaintiff has failed to allege any factual allegations to support his allegation that the City of Blue island failed to train its police officers. Third, Defendants contend that the complaint against the Chief of Police, Douglas Hoglund, Frank Podbielniak and David Anderson, in their official capacities, must be dismissed because the suit against them in their official capacities is actually a suit against the city, and because the claims are redundant, they must be dismissed. Fourth, Defendants contend that the complaint against the Blue Island Police Department is also redundant and must be dismissed because the Blue Island Police Department is not a separate entity and only exists as a part of the City of Blue Island. Finally, Defendants contend that Count IV, alleging a malicious prosecution, fails to properly state a claim because the plaintiff has failed to allege that the action terminated favorably to him. Each of the Defendants' grounds for dismissal will be addressed in turn.

### A. Has Plaintiff Failed to Allege the Existence of a City of Blue Island Policy, Custom or Practice That Caused the Claimed Constitutional Violation?

Defendant Blue Island contends that because Plaintiff has failed to allege the existence of any Blue Island policy, custom or practice that cause the claimed constitutional violation, therefore, municipal liability cannot be established. The appropriate statutory provision for addressing Plaintiff's claims is 42 U.S.C. § 1983 ("Section 1983"), as Plaintiff is alleging that Defendants, under color of law, violated his constitutional rights. However, before liability can attach under Section 1983, a Plaintiff must properly allege an appropriate legal basis for that

liability.  In his complaint, Trepanier alleges that the City of Blue Island (along with the Blue

Island Police Department and the Chief of Police): (1) failed to provide the Defendant Juvenile

Officers any training to recognize child neglect, yet put the officers in positions that would

require such training (Compl., ¶ 44); (2) deliberately failed to provide the Defendant Juvenile

Officers with adequate training on Fourth Amendment procedures (Compl. ¶ 47); and (3)

allowed and encouraged an environment wherein individuals who criticized the Blue Island

Police Department would be retaliated against (Compl., ¶ 55).  In order to establish municipal

liability under Section 1983, a plaintiff must plead and prove that some action of the municipality

caused the constitutional violation.  Monell v. Department of Social Services of the City of New

York, 436 U.S. 658, 663 (1973).  A plaintiff must show either: "(1) an express policy that, when

enforced, causes a constitutional deprivation; (2) a widespread practice that, although not

authorized by written law or express policy, is so permanent and well settled as to constitute a

custom or usage with the force or law; (3) an allegation that the constitutional injury was caused

by a person with final policymaking authority." McTigue v. City of Chicago, 60 F.3d 381, 382

(7th Cir. 1995).

In particular reference to Plaintiff's claims, municipalities can be liable for failure to

train its police officers.  Dunn v. City of Elgin, Illinois, 347 F.3d 641, 646 (7th Cir. 2003).

"However, 'inadequacy of police training may serve as the basis for § 1983 liability only where

the failure to train amounts to a deliberate indifference to the rights of persons with whom the

police come into contact.' " Id. (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

There are two ways to show a deliberate indifference. "First, a municipality shows

deliberate indifference when it fails to train its employees to handle a recurring situation that

presents an obvious potential for a constitutional violation and this failure to train results in a constitutional violation." Dunn, 347 F.3d at 646 (internal citations omitted). Second, a municipality shows deliberate indifference if it fails to provide further training after learning of a pattern of constitutional violations by the police (Dunn, 347 F.3d at 646 (citing Palmquist v. Selvik, 111 F.3d 1332, 1346 (7th Cir.1997)).

Though Defendants contend that Plaintiff has merely recited "boilerplate" allegations on the face of his complaint to meet this standard, in fact, construing all claims in the light most favorable to the Plaintiff, and assuming that his allegations are true, he has stated a claim against the City of Blue Island upon which relief can be granted. In his factual allegations, Plaintiff asserts that a claim that alleges that the City of Blue Island fails to train its officers in a manner so that they will recognize child abuse, and to address continuing violations of individual's First and Fourteenth Amendment rights. Whether Plaintiff can prove these "continuing violations" is an issue for another day. Construing all facts in the light most favorable to the Plaintiff, he has stated a claim upon which relief can be granted.


*B. Should the Claims Against Chief of Police Douglas Hoglund, and Those*
*Against Frank Podbielniak, and David Anderson, in Their Official Capacity, Be Dismissed?*

Defendants contend that the claims against Chief of Police Douglas Hoglund, in his official capacity, and against Podbielniak and Anderson, in their official capacity, should be dismissed, because the claims brought against them are essentially brought against the City. Defendants are correct when they assert that official capacity suits are redundant, as they are essentially a suit against the city. See Tabor v. City of Chicago, 10 F.Supp.2d 988 (citing

Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985)); see also Kohn v. Mucia, 776 F.Supp. 348 (N.D. Ill. 1991). Consequently, the suit against the aforementioned Defendants, in their official capacities, is dismissed.


### C. Should the Police Department be Dismissed from the Action?

Defendant contends that the Police Department of the City of Blue Island is not a separate entity, and only exists as part of the City of Blue Island. Consequently, Defendants contend, naming the police department as a defendant adds nothing to the complaint, and it is not a suitable entity which is separate from the municipality in which it sits. Defendants' contention is correct. A city's police department is not a separate entity from the city. See Chan v. City of Chicago, 777 F.Supp. 1437, 1442 (N.D. Ill. 1991) (dismissing Chicago Police Department from case on grounds that it had "no separate legal existence apart from the city of Chicago and the department [was] therefore not a suitable entity."). Consequently, the City of Blue Island's Police Department is dismissed as a Defendant.

### D. Can the City of Blue Island be Liable for Punitive Damages?

The Defendants note that Plaintiff seeks an award of punitive damages against the City of Blue Island in his complaint. Defendants assert that the City cannot be liable for punitive damages. Defendants are correct, as the City of Blue Island cannot be liable for punitive or exemplary damages. City of Newport v. Facts Concerts, 453 U.S. 247, 271 (1981); see also 745 ILCS 10/2-102. Consequently, the Court will strike Plaintiff's request for punitive damages from the city of Blue Island.

## E. Has Plaintiff Properly Alleged a Claim for Malicious Prosecution

In Count IV of his complaint, plaintiff brings a claim for malicious prosecution. In his complaint, plaintiff states:

> Defendants have pursued criminal charges against Trepanier not because they are valid but only because they want to get revenge against Trepanier for protected activities and to cover-up their own failures which had violated Trepanier's and G.T.'s constitutional rights. They have done this knowingly willingly and maliciously.

(Compl., ¶ 72). Although Plaintiff cites no particular statutory provision for this claim, there is a malicious prosecution cause of action under Illinois state law. In Illinois, in order to sufficiently plead a claim for malicious prosecution, a Plaintiff must allege: (1) the defendant instituted suit against the plaintiff maliciously and without probable cause; (2) the suit terminated in the plaintiff's favor; and (3) the plaintiff was injured beyond the cost and annoyance of defending the suit. Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002) (citing Miller v. Rosenberg, 749 N.E.2d 946, 951-52. (Ill. 2001)). Defendants are correct when they point out that Trepanier has not alleged facts that sufficiently allege the second element of the charge, that Defendants' prosecution of the Plaintiff resulted in a favorable claim for him. Subsequently, without facts that properly support the second element of a malicious prosecution claim, Count IV of Plaintiff's complaint must be dismissed without prejudice. Plaintiff may seek leave to amend his complaint to allege termination in his favor if that is the fact.

-9-

*F. Plaintiff's Submission of the Transcript From Proceedings Circuit Court*

Finally, in his response to Trepanier's motion to dismiss, Plaintiff attached transcripts from the criminal proceedings in the Circuit Court of Cook County ("Circuit Court transcript"), that are the basis of this constitutional claims before this Court. The Court notes that at the motion to dismiss stage, the Court must limit its inquiry to the Plaintiff's complaint, and documents or exhibits attached thereto. Because the Circuit Court transcript was not submitted with Plaintiff's complaint, it is not considered part of the pleadings. See Venture Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). Further, while matters outside the pleadings need not be excluded, if the Court does include those extraneous documents, it must then convert Defendant's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. Id. The Court declines to do this. Therefore, at this stage of the parties' proceedings, the Court will not consider the Circuit Court transcripts in evaluating Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. The motion to dismiss is GRANTED as to all claims against Chief of Police Douglas Hoglund, Frank Podbielniak, and David Anderson in their official capacities, the Blue Island Police Department, and Count IV of Plaintiff's complaint as to all Defendants. However, Count IV is dismissed without prejudice. The Court denies the City of Blue Island's motion to dismiss

all claims against it.  In addition, Plaintiff claim for punitive damages against the City of Blue

Island  is stricken.



Enter:

David H. Coar
United States District Judge

Dated: **September 30, 2004**